**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Deno Jaggir VICHAS, Defendant–
Appellant.**

No. 00–30242.
D.C. No. CR 00–003–WFN.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided April 9, 2001.

4. *United States v. Pacheco–Zepeda,* 2000 WL 33156290 (9th Cir.2001).

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM *

Defendant Deno Jaggir Vichas appeals from the denial of his motion to suppress. After the district court denied the motion, Vichas entered a conditional plea of guilty to a charge of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review motions to suppress evidence de novo. *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir.2000). The district court's factual findings are reviewed for clear error. *United States v. Mattarolo*, 209 F.3d 1153, 1155–56 (9th Cir.2000).

▮▮▮ Vichas first contends that the initial stop of his truck was a warrantless seizure in violation of the Fourth Amendment. Law enforcement agents may make brief investigatory stops of moving vehicles when they have founded suspicion that the occupants have been or are involved in criminal activity. *Guam v. Ichiyasu*, 838 F.2d 353, 355 (9th Cir.1988); *see also Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20

L.Ed.2d 889 (1968). In evaluating whether reasonable suspicion exists, we consider the totality of the circumstances. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

▮▮▮ In the context of Border Patrol stops, we look to the following factors in determining whether reasonable suspicion existed: (1) characteristics of the area; (2) proximity to the border; (3) usual patterns of traffic and time of day; (4) previous alien or drug smuggling in the area; (5) behavior of the driver; (6) appearance or behavior of passengers; (7) model and appearance of the vehicle; and (8) officer experience. *United States v. Brignoni–Ponce*, 422 U.S. 873, 884–85, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). In *Brignoni–Ponce*, "the Court did not suggest that all these factors must be present or that other factors are irrelevant. Instead, the Court observed that '[a]ny number of factors may be taken into account.'" *United States v. Magana*, 797 F.2d 777, 780 (9th Cir.1986) (quoting *Brignoni–Ponce*, 422 U.S. at 884) (emphasis and alterations in original).

▮▮▮ In this case, the district court found that the officers had considered the following factors in deciding to stop Vichas:

1. Vichas' California driver's license did not match the Oregon license plates on his truck. One agent testified that smugglers often use borrowed vehicles because it is easier for the third party to get the vehicle back if it is seized.

2. Vichas appeared nervous during the initial, routine stop at the border.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. Vichas had been suspected of associating with drug smugglers in the past.
4. Vichas' jacket smelled of marijuana.
5. The agents suspected drug smuggling in the area that night after finding tire tracks, footprints, and indentations made from heavy objects in the snow.
6. Vichas changed directions at least twice late at night on the isolated highway close to the border and in an area known for drug smuggling, even though he had told the border agents he was driving south to Oregon.[1]
7. Officers attempting to follow Vichas on the main highway lost track of him. The district court specifically found that Vichas had pulled off the highway during that evening.
8. The bed of the truck, which had only held a snowboard when Vichas crossed the border, held several duffel bags when it was spotted later.[2] Although the defendant's counsel attempted to discredit the officer who spotted the duffel bags, the district court found that the officer was particularly credible.
9. Duffel bags are commonly used to smuggle drugs in the region.

The district court's factual findings are not clearly erroneous. We hold that these factors taken together reasonably allowed the officers to conclude that Vichas had not been truthful when he said he was on his way to Oregon and that, in fact, he had stopped, pulled off the highway, and loaded his truck with contraband. The investigatory stop was based on founded suspicion.

■ Vichas next contends that the search of the duffel bags, which revealed the 50 pounds of marijuana, was also impermissible. We note that the district court held that Vichas had not consented to the search of the cab of his truck but did consent to the later search of the bags. Because we conclude that Vichas does not have standing to contest the search of the duffel bags, we need not reach the question of whether his consent to that search was valid or whether some exception to the warrant requirement applies.

■ Although the government did not raise the issue of standing in the district court, we are obligated to consider it. *See United States v. Robertson*, 833 F.2d 777, 779 (9th Cir.1987). The district court's finding that Vichas disclaimed ownership of the duffel bags is not clearly erroneous. Because Vichas denied owning the bags at the time of the search, he does not have standing to contest a warrantless search of them. *See, e.g., United States v. Veatch*, 674 F.2d 1217, 1220–21 (9th Cir.1982) (holding that a denial of ownership when questioned constitutes an abandonment of property); *United States v. Wilson*, 536 F.2d 883, 884–85 (9th Cir.1976).[3] There-

1. *Cf. Brignoni–Ponce*, 422 U.S. at 885 ("The driver's behavior may be relevant, as erratic driving ... can support a reasonable suspicion."); *United States v. Harrington*, 636 F.2d 1182, 1186 (9th Cir.1981) (finding reasonable suspicion to support vehicle stop when, among other factors, driver had taken a circuitous route); *United States v. Corral–Villavicencio*, 753 F.2d 785, 789 (9th Cir.1985) (finding reasonable suspicion where the defendant's "car was observed driving in and out of a picnic area six-tenths of a mile from the border at an unusual hour").

2. *Cf. Harrington*, 636 F.2d at 1186 (finding reasonable suspicion to support vehicle stop when, among other factors, van was riding lower after it had stopped at a known alien pick-up spot).

3. The officers were not required to read Vichas his *Miranda* rights prior to asking him if

fore, the district court was correct to deny Vichas' motion to suppress.

AFFIRMED.

---

he owned the bags. *Miranda v. Arizona,* 384 U.S. 436, 467–73, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). During an investigatory stop, officers may ask a suspect reasonable questions to confirm or dispel their suspicions without any need for *Miranda* warnings. *See, e.g., United States v. Torres–Sanchez,* 83 F.3d 1123, 1129 (9th Cir.1996).

